## ALFRED HUGG

*v.*

### THE CITY COUNCIL OF THE CITY OF CAMDEN and others.

A city ordinance provided that the solicitor of the city should prosecute and defend all suits, &c., brought by or against the city. Mandatory injunction to restrain the city from employing other counsel refused, under the circumstances, on the ground of possible irreparable injury to the city, the suit being ready for trial, and on the ground that the complainant's right was not clear.

Bill for injunction. On order to show cause. On bill and affidavits taken on both sides.

*Mr. R. S. Jenkins,* for complainant.

*Mr. S. H. Grey,* for defendants.

THE CHANCELLOR.

The object of the bill is to secure to the complainant the right which he claims, as city solicitor of the city of Camden, to prosecute and defend all suits brought on behalf of or against the city, in the courts of this state. To that end, he asks that the city council may be enjoined from employing any other attorney than himself, (except where he is disqualified by interest,) in any suit in any of the courts of this state in which the rights or property of the city are involved, and he prays, in particular, that the defendants (the city council and the attorney employed by them to bring and prosecute in the supreme court of this state a suit on an official bond,) may be compelled, by injunction, to accord to him his rights in the premises, in respect to that suit. That he is the duly chosen and qualified city solicitor is not denied. He has not been removed or suspended, but

Hugg *v.* City of Camden.

is still in the lawful. and full possession of his office. The defendants, among other things, set up (by affidavit) matters by way of justification of the action of the council in placing the suit in question in the hands of another attorney, and the complainant has replied to these allegations by affidavit. The view which I take of this application renders it entirely unnecessary to enter upon the consideration of those matters. The second section of the ordinance of the city of Camden for the appointment of a city solicitor, provides that it shall be the duty of the person appointed to be attorney and solicitor of the city, among other things, to commence and prosecute all and every suit and suits, action and actions, brought or to be brought by the city, for or on account of any of the estates, rights, privileges, claims or demands of the corporation, as well as to defend actions and suits brought and to be brought against the city, whereby any of the estates, rights, privileges, ordinances or acts of the corporation, or any part thereof, may be brought in question before any court in this state; provided, that nothing contained in the ordinance shall be construed to compel him to prosecute any suit without additional compensation therefor. Obviously, it was intended by the ordinance to provide that the city solicitor should represent the city in all the suits brought or to be brought in any of the courts of this state, in which the rights or property of the city were or should be involved. The language is specific and unqualified. It makes it his duty to commence and prosecute, and to defend, not all such suits as he may be directed to bring, or prosecute, or defend, but all such suits as may be brought, &c. Nor does the proviso, as the defendants contend it does, in anywise limit the obligation. It merely provides, substantially, that his salary shall not be held to be compensation for the services which he may render in the discharge of the duty of bringing, prosecuting and defending suits, and that he shall be entitled to remuneration therefor, irrespective of his salary. Under the ordinance, it is his right, in the absence of countervailing

reasons which would justify the council in depriving him of the privilege, so to represent the city, and to receive the emoluments of the service; and, in the absence of such reasons, he cannot, in fairness, be deprived of the right. The question involved in this case is, however, not one of fairness merely. The underlying question is, whether the council have the power, lawfully, to do that of which the bill complains. That question, presented under circumstances similar to those of this case, is now before the court of errors and appeals, for decision, in the case of *Hoxsey* v. *The City of Paterson.* But, if the complainant's absolute right in the premises were conceded, he would not be entitled for his protection to the particular remedy which he seeks in reference to the pending suit at law. On that concession, he has no beneficial interest in the suit. No right of his is involved therein, or is liable to be affected thereby. His complaint is merely that the city council, disregarding his rights, have employed another attorney to bring and prosecute the suit. The remedy by injunction would not only be extreme, but it would also be inappropriate. The suit at law was begun long before the bill was filed. If the remedy were to be applied to that suit, the suit must stand, unless the injunction were mandatory, (and the case is one in which the court would hesitate to apply that species of remedy,) until the controversy between the complainant and the council shall have been determined in this court, and perhaps also until it shall have been determined in the appellate tribunal. The rights of the city in the suit might, in the meantime, be irretrievably injured, if not wholly lost. By way of illustration, it may be remarked, that if it were the defence, instead of the prosecution, of a suit which was the subject of the controversy, the utter impossibility of according the relief which is sought, except by mandatory injunction, would be self-evident. In the present condition of the main question involved in this case, before referred to, I do not deem it proper to grant the general relief prayed in the bill, viz.: to restrain the council

from employing any other attorney in future suits during the complainant's term of office, except where he is disqualified, by interest, from acting as the attorney of the city. I deem it proper to await the decision in the case before mentioned. The order to show cause will be discharged, but, under the circumstances, it will be without costs.